UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GABRIELA URIAS, individually,

    Plaintiff,

v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff GABRIELA URIAS ("Plaintiff"), by and through counsel, seeks redress for the illegal practices of Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC. ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act (the "FDCPA"), and Florida Statute § 559.551, the Florida Consumer Collection Practices Act (the "FCCPA"), and in support thereof, Plaintiff states the following:

## INTRODUCTION

1. Section 1692f of the FDCPA states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C §1692f. Thereafter, §1692f codifies a non-exhaustive series of acts that explicitly violate the section. Accordingly, a debt collector will commit an express violation of §1692f by attempt to collect "*any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law*. 15 U.S.C §1692f(1) (emphasis added). Moreover, it is also an express violation of the FDCPA for a debt

collector to falsely represent either: "(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. 1692e(2).

2. Similarly, pursuant to the FCCPA, it is unlawful for a debt collector to: "[c]laim, attempt, or threaten to enforce a debt when [the debt collector] knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

3. As set forth in more detail below, Defendant violated the FDCPA by utilizing unfair and/or deceptive practices and false and/or misleading statements in attempting to collect a consumer debt from Plaintiff, whereby: (1) Defendant violated §1692f(1) of the FDCPA by wrongfully seeking to collect from Plaintiff fees which Defendant could not legally collect; (2) Defendant violated §1692e(2) of the FDCPA by falsely representing to Plaintiff that the amount of the consumer debt in question included said unlawful fees; and (3) Defendant violated the FCCPA, to wit, Fla. Stat. § 559.72(9), by attempting to collect funds that Defendant knew could not be legitimately demanded.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k.  Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367

2. Venue in this District is proper because Plaintiff resides in this District and Defendant does business in this District.

## PARTIES

1. Defendant is a foreign for-profit Corporation existing under the laws of the State of Pennsylvania, with its principal place of business located in Trevose, Pennsylvania.

2. Plaintiff a Florida citizen of the State of, residing in Broward County, Florida.

3. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

4. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

5. On October 10, 2015, Plaintiff knowingly agreed to pay the Florida Department of Transportation (the "Creditor" or "FDOT") for the use and/or enjoyment of certain roadways, whereby Plaintiff knew that she would be obligated to pay a toll (based on usage) and an additional charge for opting to have such toll billed to the address associated with her vehicle's license plate (collectively, "October's Toll Charges").

6. On December 15, 2015, Plaintiff knowingly agreed to pay FDOT for the use and/or enjoyment of certain roadways, whereby Plaintiff knew that she would be obligated to pay a toll (based on usage) and an additional charge for opting to have such toll billed to the address associated with her vehicle's license plate (collectively, "December's Toll Charges").

7. The sum of October's Toll Charges and December's Toll charges is $14.10.

8. October's Toll Charges and December's Toll Charges (collectively, the "Consumer Debt") are financial obligations Plaintiff incurred primarily for personal purposes.

9. Accordingly, the Consumer Debt a "debt" governed by the FDCPA[1] and FCCPA.[2]

10. Plaintiff is a "consumer" within the meaning of the FDCPA.[3]

11. Defendant is a for-profit consumer debt collection company and is registered as such within the State of Florida.

12. Defendant is a "debt collector" as defined by the FDCPA[4] and FCCPA[5]

13. On or about March 22, 2016, Defendant sent a collection letter to Plaintiff seeking payment on the Consumer Debt (the "Collection Letter"). A copy the Collection Letter is attached hereto as Exhibit "A."

14. In the Collection Letter, Defendant stated that FDOT had "placed [Plaintiff's] account for unpaid toll(s) with [Defendant] for immediate collection effort," and that "[t]he 'Total

---

[1] *See*, U.S.C §1692a(5) ("[t]he term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment").

[2] *See*, § 559.55(6), Fla. Stat. ("'[d]ebt' or 'consumer debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment").

[3] *See*, 15 U.S.C §1692a(3) ("The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt").

[4] *See*, 15 U.S.C §1692a(6) ("[t]he term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").

[5] *See*, § 559.55(7), Fla. Stat. ("'[d]ebt collector' means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term 'debt collector' includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts").

Balance Due' indicated [by the Collection Letter] is the amount of the debt as of the date of this letter." *See*, the Collection Letter.

15. In the Collection Letter, under the heading "ACCOUNT INFORMATION," Defendant stated the "TOTAL BALANCE DUE" was $22.63 and itemized such as being the sum of a $14.10 "Fine," a $5.00 "Base Fee," and a $3.53 "Collection Fee." *See*, the Collection Letter.

16. On information and belief, the $5.00 "Base Fee" is a flat-rate charge assessed by Defendant and is not expressly authorized by the agreement that created the Consumer Debt, nor is such permitted by law.

17. On information and belief, the $3.53 "Collection Fee" is a percent based charged, to wit, 25% of the Consumer Debt, and is not expressly authorized by the agreement that created the Consumer Debt, nor is such permitted by law.

## COUNT I.
## VIOLATIONS OF THE FDCPA

18. Plaintiff incorporates by reference paragraphs 5-17 of this Complaint as though fully stated herein.

19. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

20. Accordingly, the Collection Letter violated 15 U.S.C. §§ 1692e(2) and 1692f(1) because it patiently mischaracterized Plaintiff's *true* financial obligation and by attempting to collect an amount without the legal authority to do so.

21. Defendant stated that the "TOTAL BALANCE DUE" demanded in the Collection Letter was the "amount of the debt" owed by Plaintiff. Yet, the "TOTAL BALANCE DUE" included fees which Defendant could not lawfully impose or collect, to wit, a $5.00 "Base Fee" and $3.53 "Collection Fee." *See*, Quinteros v. MBI Associates, Inc., 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (providing an explanation of the circumstances governing whether fees assessed by the debt collector are permissible under the FDCPA).

22. Out of the $22.53 which Defendant claimed to be "the debt," and not withstanding what is arguably a mislead and overly nonspecific description, only the $14.10 "Fine" portion of the "TOTAL AMOUNT DUE" accurately represents Plaintiff's true obligation to FDOT. Thus, Defendant's claim that "the amount of the debt" is the "Total Balance Debt" is not only false, but also unlawful.[6]

23. In light of the preceding, Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the amount needed to satisfy the Consumer Debt, and 15 U.S.C. § 1692f(1) by attempting to collect an amount which was not expressly authorized by contract or statute.

---

[6] *See*, 15 U.S.C. 1692e(2) ("the following conduct is a violation of this section… [t]he false representation of: (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt"); 15 U.S.C. 1692f ("[w]ithout limiting the general application of the foregoing, the following conduct is a violation of this section… [§§](1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law").

## COUNT II.
## VIOLATION OF THE FCCPA

24. Plaintiff incorporates by reference paragraphs 5-17 of this Complaint as though fully stated herein.

25. The $5.00 "Base Fee" and the $3.53 "Collection Fee" Defendant sought to collect from Plaintiff was an attempt to enforce a debt that Defendant knew to be without statutory or contractual authority.

26. On information and belief, the "Base Fee" and "Collection Fee" demanded by Defendant is an attempt to wrongfully recover profits from Plaintiff by portraying such as either part of the Consumer Debt or as having been assessed by FDOT. *See* generally, Daniel v. Select Portfolio Servicing, LLC., 2016 WL 518721 (S.D. Fla. 2016) (whereby plaintiff was found to have stated claim against defendant for violation of the FCCPA, to wit, Fla. Stat. § 559.72(9), where plaintiff alleged that defendant charged her $15.00 for each property inspection although defendant actually only incurred $12.00 expense for those inspections, and that $1.50 charge for "miscellaneous corporate disbursement" was not attributable to any service rendered).

27. Therefore, in light of the preceding, Defendant violated Fla. Stat. § 559.72(9) by seeking to collect illegitimate fees from Plaintiff, whereby Defendant knew it possessed no authority to collect funds in excess of the Consumer Debt, to wit, the aforementioned "Base Fee" and "Collection Fee."

## DEMAND FOR JURY TRIAL

28. Plaintiff respectfully demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b) Statutory and actual damages, as provided under § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(c) Attorneys' fees and costs incurred in bringing this action, as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(d) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: April 9, 2016

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:    877-575-0010
Fax:      954-507-9975

AND

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      844-542-7235

*COUNSEL FOR PLAINTIFF*